IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. CR 03-1324-TUC-CKJ |
| vs. ) | CR 04-688-TUC-CKJ |
| ANTHONY P. LOWENSTEIN, ) | **ORDER** |
| Defendant. ) | |

On October 23, 2006, and January 8, 2007, this Court received evidence and heard argument on Defendant's Motion for Return of Property. The Court took the matter under advisement.

Fed.R.Crim.P. 41(g) was designed to provide a method for persons to seek the return of property unlawfully seized by federal law enforcement officials. *Mora v. United States*, 995 F.2d 156, 158 (2nd Cir. 1992). The rule also provides that a person aggrieved by the deprivation of property may seek its return. This Court has jurisdiction "to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *United States v. Martinson*, 809 F.2d 1364 (9th Cir. 1987); *but see Ramsden v. United States*, 2 F.3d 322 (9th Cir. 1993) (district court must exercise caution and restraint before exercising jurisdiction over preindictment motion).

*Suitcase and its Contents*

During the hearing, Defendant ceded that he did not have a claim as to the suitcase and its contents and withdrew that claim. In any event, this claim is barred by the statute of

limitations and for lack of subject matter jurisdiction under the Federal Tort Claims Act. 28 U.S.C. §§ 2401(b) and 2680(c).

*Video Tapes Seized from Defendant's Home*

Defendant alleges that agents seized certain family videos from his residence during a search. Defendant alleges that these video tapes were never returned to him.

In *United States v. Marshall*, 338 F.3d 990 (9th Cir. 2003), the court found that where the government never actually seized the property, Fed.R.Crim.P. 41 was not the appropriate method to seek redress. Here, Victoria de Mar Lowenstein testified that she was present during the search and that the agents removed tapes, but she did not believe they took all of them. Ms. Lowenstein further testified that she had not viewed the home movies for a long time prior to the search and did not know when she first noticed that some tapes were missing. Ms. Lowenstein also testified that she does not recall all of the things that she placed in storage. Agent Eric Daniel McLoughlin testified that he participated in the search of the Lowenstein residence. Agent McLoughlin testified that standard procedure included listing those items seized on the inventory. Agent McLoughlin further testified that, because the video cassettes were not on the inventory, it did not appear that the tapes were seized by the agents. The photographs taken of the seized property on the day of the search do not show the home movies Defendant claims were taken by agents. The Court finds that Lowenstein has not presented sufficient evidence to demonstrate that the government seized the video tapes and, therefore, Lowenstein is not entitled to relief pursuant to Fed.R.Crim.P. 41.

Accordingly, IT IS ORDERED the Motion for Return of Property Pursuant to Fed.R.Crim.P. 41 is DENIED.

. . . . . .

. . . . . .

. . . . . .

1     IT IS FURTHER ORDERED the Clerk of the Court shall mail a copy of this Order

2 to Lowenstein at the following address:

3
        Anthony Lowenstein, Inmate No. 11343-196
        Building 5828, Third Floor
4         Federal Correction Institution
        P.O. Box. 7000
5         Fort Dix, New Jersey  08740

6     DATED this 22nd day of January, 2007.

                                        Cindy K. Jorgenson
                                        United States District Judge